IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAFOCO, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:22-cv-0437-JRG-RSP |
| | § | |
| KLX ENERGY SERVICES, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court, defendant KLX Energy Services moves to dismiss the instant suit for improper venue, to transfer the action to the Southern District of Texas ("SDTX"), and to dismiss claims of false advertisement. Dkt. No. 8. Plaintiff Safoco, Inc. filed a response, Dkt. No. 15, to which KLX filed a reply, Dkt. No. 17. For the following reasons, the motion should be **DENIED**.

### I.     Venue

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of § 1400(b), a domestic corporation is deemed to reside in its state of incorporation, *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 268 (2017), and where that state has multiple federal districts, "only in the single judicial district within that state where it maintains a principal place of business." *In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018).

The parties do not dispute that KLX is a Delaware limited liability company with its principal place of business and corporate headquarters in Houston, Texas. Accordingly, venue is

proper in this district only if KLX has committed alleged acts of infringement in this district and has a regular and established place of business in the district.

KLX does not deny that it has a "regular and established place of business" in Longview, Texas. Dkt. No. 8 ECF p 8. Nonetheless, it argues that "that property is not used for the accused systems." *Id.* Without citation to caselaw support, KLX's argument is that venue is proper only when at least one of the regular and established places of business in the district commits acts of infringement. Dkt. No. 8 ECF pp 7-8. The statutory text of 28 U.S.C. § 1400(b) does not support such an argument, and the Court is unaware of any caselaw in support. Even if the Court were to agree with KLX's heightened standard of 28 U.S.C. § 1400(b), Safoco's response discussed below provides sufficient evidence of allegedly infringing activity to satisfy even KLX's theory.

Lastly, KLX argues that "at least as early as February of 2017, KLX has not used, offered to sell, sold, or imported any of the accused systems in or into the Eastern District of Texas." Dkt. No. 8 ECF p 7. However, Safoco's response provides sufficient evidence of allegedly infringing activity in the district to survive a motion to dismiss including, but not limited to, sales operations in Longview, TX, a LinkedIn post suggesting the use of the accused device in the district by a sales manager for the Haynesville Shale formation in East Texas, representations by KLX that it provides equipment and services related to the accused device in the district, and advertisements by KLX that the accused device is the most sophisticated device on the market. Dkt. No. 15 ECF pp 10-13. KLX in reply argues that the photograph of the allegedly infringing device in the LinkedIn post bears no resemblance to the actual device. However, Safoco has properly alleged venue and is presenting supporting evidence. On a motion a dismiss, the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the

plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citation omitted). Accordingly, venue is proper.

## II.    Transfer

In the alternative, KLX seeks transfer under 28 U.S.C. § 1404(a) to the Southern District of Texas ("SDTX"). Dkt. No. 8 ECF pp 15-19. Safoco does not argue that suit could not "have been brought" in SDTX. 28 U.S.C. 1404(a); see Dkt. No. 15 ECF pp 14-18. Therefore, the Court moves on to consider the factors provided in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The "relative ease of access to sources of proof" factor considers "documents and physical evidence," rather than witnesses. See *In re Apple, Inc.*, 979 F.3d 1332, 1339-40 (Fed. Cir. 2020). KLX argues that document production is more convenient in SDTX because KLX is headquartered in Houston. Dkt. No. 8 ECF pp 16-17. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). "The location of documents is given little weight in determining proper venue unless the documents are so voluminous that their transport is a major undertaking." *Dong Sik Yoo v. Kook Bin Im*, No. 4:17-cv-0446-ALM, 2018 WL 549957, at *7 (E.D. Tex. Jan. 24, 2018) (citations omitted). KLX does not allege that there are any relevant documents stored on servers that cannot be accessed or made available in this district or that physical documents are so "voluminous that their transport is a major undertaking." *Id.* Accordingly, this factor is relatively neutral.

For the availability of compulsory process, the court may consider both unwilling witnesses and third-party witnesses. See *In re Hulu, LLC*, 2021 WL 3278194, *4 (Fed. Cir.

2021); see also *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) ("when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling."). "The party seeking the transfer must identify, typically by affidavit, the key witnesses to be called, state their residence, and provide at least a general summary of what their testimony will cover." Wright & Miller, § 3851 (4th ed.) at 425. KLX argues that all fact witnesses it will likely call either reside in Houston, TX, or they will consent to testify there, Dkt. No. 8 ECF p 17 (citing Dkt. No. 8-1 ¶ 9, Declaration of Scott Bennet).  Mr. Bennet, product line manager at KLX, declares that:

> KLX's headquarters is located in Houston, Texas, which is where its company records are held. Based upon KLX's current understanding of Safoco's claims, the documents and documentary evidence KLX will use and exchange in this litigation is located at its Houston, Texas headquarters and most of KLX's witnesses may be found or would be willing to travel to KLX's headquarters in Houston, Texas.

Dkt. No. 8-1 ¶ 9.

KLX is certainly allowed to point to employees as potential witnesses. See *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021) ("Although an employer's cooperation in allowing an employee to testify may diminish certain aspects of inconvenience to the employee witness…, it hardly eliminates the inconvenience."); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) (citing *In re Hulu*, 2021 WL 3278194, at *5). Nonetheless, the declaration does not "identify… key witnesses … and provide at least a general summary of what their testimony will cover." Wright & Miller, § 3851 (4th ed.) at 425. Accordingly, the Court is disinclined to give much weight to KLX's argument about unidentified witnesses it may call who either reside in Houston, TX, or will consent to testify there. Of the two inventors, one resides in Houston, TX, and the other in Missouri City, TX, and both are likely willing to

consent to testify in Marshall. Safoco, on the other hand, identifies several witnesses (in Shreveport, Bossier City, and Benton Louisiana) who are within the subpoena power of this court but not the SDTX. Dkt. No. 15 ECF p 17.  Safoco also identifies other witnesses who are located in neither district but are closer to Marshall.  None of the witnesses in Houston are beyond the subpoena power of this court, as they can easily drive here without substantial expense.  Fed. R. Civ. P. 45(c)(1)(B).  Accordingly, this factor weighs against transfer.

With respect to the cost of willing witnesses, again KLX relies on the two named inventors and its headquarters for unidentified witnesses. Dkt. No. 8 ECF pp 17-18. In the absence of any delineation between (1) unwilling and third-party witnesses above and (2) willing witnesses here, the Court is disinclined to double count the same for the transfer analysis.

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citation omitted). Both parties provide statistics which recognize the speed with which a case can come to trial favoring this Court. Compare Dkt. No. 8 ECF p 18, with Dkt. No. 15 ECF p 18. Court congestion may also favor one or the other district when one of the districts has familiarity with the claims in suit. The patents in suit have been the subject of previous litigation in this Court. See *Safoco v. The E3 Company, LLC*, Case No. 2:21-cv-00346-JRG-RSP (E.D. TX, filed 9/2/21).

As to local interest, KLX argues that both it and Safoco are headquartered in SDTX. Dkt. No. 8 ECF p 18. However, as discussed above, KLX operates facilities with employees in this district and acts of infringement have been committed in this district, while neither of the parties is of sufficient size to generate any substantial local interest.  This factor is relatively neutral.

Both this Court and SDTX are capable of applying federal law on patents. Further, there is no reasonable implication that transfer will result in a conflict of law, and the instant action does not require the application of foreign law.

This is not a case favoring transfer, at which point the Court may consider the statistics provided by the parties regarding the speed of the respective venues, see *In re Genentech, Inc.*, 566 F.3d at 1347.  Defendant has failed to show that SDTX is a clearly more convenient venue.

### III.    False Advertisement

The Supreme Court has determined that "[t]o invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014). Safoco's claim is based upon statements by KLX that the accused device is a "new" or "proprietary" design that is "innovative" and "designed to offer ZERO reduction of the unit's inside diameter" and that "the system's pressure dump is almost instantaneous." Dkt. No. 1 ¶ 52. "Bald assertions of superiority or general statements of opinion cannot form the basis of Lanham Act liability." *Pizza Hut, Inc. v. Pap John's Inter., Inc.*, 227 F.3d 489, 496 (5th Cir. 2000); see also *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) (finding puffery in generalized and vague statements indicating product superiority such as "faster, more powerful, and more innovative than competing machines"), *aff'd*, 322 F. App'x 489 (9th Cir. 2009); *R and A Synergy LLC v. Spanx, Inc.*, No. 17-cv-09147, 2019 WL 4390564 *10 (C.D. Cal. 2019) (holding that ads claiming that a garment was new, filled a "white space" in demand and was unlike similar garments were puffing); *Peloton Interactive, Inc. v. ICON Heath & Fitness, Inc.,* No. 20-662-RGA, 2021 WL 2188219, at *6 (D. Del. 2021) (granting motion to dismiss false advertising

claim holding that challenged statements of being an "innovator" or that a product was "the first of its kind" were mere puffery); *In re iPhone 4S Consumer Litig.*, No. 12-1127 CW, 2014 WL 589388, at *6 (N.D. Cal. Feb 14, 2014) (describing a voice-activated personal assistant used in cell phones as a "breakthrough" or an "intelligent" product was held to be non-actionable puffery), *aff'd*, 637 F App'x 414 (9th Cir. 2016); *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2005 WL 3557947, at *10 (N.D. Ill. Dec. 26, 2005) (statements that a product is "innovative" and "level[s] the playing field" are "not specific, not concrete, not measurable, and therefore puffery"); *Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F. Supp. 2d 1118, 1133 (D. Ariz. 2008) (claims that a company was the "innovator" of a product made from "proprietary ingredients" and "revolutionary state-of-the-art innovation" constituted puffery because those claims are general, vague, and unmeasurable).

KLX argues that the allegedly false statements are all mere puffery and not actionable under the Lanham Act. However, many of the statements appear to concern factual matters capable of influencing the relevant market. At this stage of the case, when specific allegations must be accepted as true, Safoco's allegations are sufficiently detailed to survive scrutiny under Rule 12.

## IV.    Conclusion

For the reasons discussed above, it is **RECOMMENDED** that KLX's motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions

accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 10th day of June, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE